21-2690(L)
*Universitas Education, LLC v. Grist Mill Capital, LLC et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of February, two thousand twenty-three.

Present:
>      DENNIS JACOBS,
>      EUNICE C. LEE,
>      MYRNA PÉREZ,
>           *Circuit Judges.*

---

UNIVERSITAS EDUCATION, LLC,

>      *Petitioner-Appellee*,

v.                                              21-2690(L), 21-2691(CON)

GRIST MILL CAPITAL, LLC,

>      *Respondent-Appellant*,

NOVA GROUP, INC, as Trustee, Sponsor and Named Fiduciary of The Charter Oak Trust Welfare Benefit Plan, GRIST MILL TRUST WELFARE BENEFIT PLAN, AVON CAPITAL LLC, CHARTER OAK TRUST WELFARE BENEFIT PLAN, PHOENIX CAPITAL MANAGEMENT, LLC, HANOVER TRUST COMPANY, CARPENTER FINANCIAL GROUP, INC.,

>      *Respondents*,

DANIEL E. CARPENTER,

    *Movant-Appellant.*

| | |
|---|---|
| FOR APPELLANTS: | JEFFREY ROBERT SANDBERG, Palmer Lehman Sandberg, PLLC, Dallas, TX. |
| | Jonathan J. Einhorn, Law Offices of Jonathan J. Einhorn, New Haven, CT. |
| FOR PETITIONER-APPELLEE: | Joseph L. Manson III, Law Offices of Joseph L. Manson III, Alexandria, VA. |
| | Patrick D. Bonner Jr., Menz Bonner Komar & Koenigsberg LLP, White Plains, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Swain, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Respondent-Appellant Grist Mill Capital, LLC, and Movant-Appellant Daniel E. Carpenter (collectively, "Appellants") appeal from the district court's denial of their Federal Rules of Civil Procedure 60(b)(4) and (b)(6) motions to vacate a judgment the district court had entered approximately six years prior. The judgment in question, entered on August 12, 2014, is a money judgment in favor of Petitioner-Appellant Universitas Education, LLC, and against Grist Mill, Carpenter, and various other entities not party to this appeal based on life insurance proceeds owed to Universitas Education (the "2014 Judgment"). The 2014 Judgment was entered after Universitas Education engaged in roughly two years of proceedings to recover on a previous money judgment the district court had entered in its favor on June 7, 2012.

Leading up to the 2014 Judgment, the district court made certain findings of fact and conclusions of law. Among other things, it found that Carpenter was the ultimate controller of "Grist Mill" and "'hundreds' of other companies," many of which are also subject to the 2014 Judgment, and that he had used Grist Mill and the other companies to "fraudulently convey[]" funds rightfully belonging to Universitas Education to prevent it from recovering on the June 7, 2012 judgment. Special App'x 25. Although certain entities not party to this appeal objected to the district court's personal jurisdiction over them, neither Carpenter nor Grist Mill meaningfully advanced personal jurisdiction arguments until now, despite both filing notices of appearance and participating in extensive proceedings before the district court, including a bench trial and an evidentiary hearing. The district court also concluded that "it had subject matter jurisdiction" to enter the 2014 Judgment as a means of enforcing its prior judgment. Special App'x 27–28 (citing *Peacock v. Thomas*, 516 U.S. 349, 357 (1996), and *Epperson v. Ent. Express, Inc.*, 242 F.3d 100 (2d Cir. 2001)).

Appellants never appealed the 2014 Judgment.[1] Certain other parties, though not Carpenter or Grist Mill, filed a motion to reconsider the entry of the 2014 Judgment, but that motion was denied.

---

[1] In June of 2014, Carpenter reported to federal prison for a three-year sentence for mail fraud and wire fraud, *see generally United States v. Carpenter*, No. CRIM. 04-10029-GAO (D. Mass.), though this did not stop him or Grist Mill from engaging in other, extensive federal court litigation. *See, e.g.*, *Carpenter v. Allen*, No. 3:14-cv-741(SRU) (D. Conn. 2014); *United States v. Carpenter*, 941 F.3d 1 (1st Cir. 2019); *Carpenter v. Shulman*, 790 F. App'x 285, 287 (2d Cir. 2019) (affirming district court's dismissal of Carpenter and Grist Mill's complaint asserting *Bivens* claims against various IRS officers and agents regarding the "execution of a search warrant by the IRS Criminal Investigation Division").

While in prison, Carpenter was convicted in a separate criminal case of various money laundering charges, including by using Grist Mill to hide the funds at issue in the 2014 Judgment. *See United States v. Carpenter*, 190 F.Supp.3d 260, 274 (D. Conn. 2016) ("The evidence also shows that corporate entities were created and discarded at Mr. Carpenter's direction when it suited his purposes."), *aff'd sub nom. United States v. Bursey*, 801 F. App'x 1 (2d Cir. 2020).

3

On November 13, 2020, Carpenter filed a motion to vacate the 2014 Judgment pursuant to Federal Rules of Civil Procedure 60(b)(4) and (b)(6), and Grist Mill filed a like motion under the same Rules on February 19, 2021. The district court denied both motions. The district court found that Carpenter waived personal jurisdiction and that Appellants both forfeited any personal jurisdiction defense because they participated in proceedings for years without having ever raised personal jurisdiction as a defense. It rejected Appellants' arguments that service of process had been improper, reiterating its earlier-made finding of fact that Appellants, like many other parties in the proceedings, had agreed to accept service by email. It also found that Carpenter's argument that it lacked subject matter jurisdiction to enter the 2014 Judgment was simply a rehash of arguments he had made previously, which it had already rejected, and thus were not proper on a motion under Rule 60(b). Finally, the district court rejected Carpenter's argument that the 2014 Judgment was void because it was signed by the Clerk of Court, which Carpenter argued was improper under Federal Rule of Civil Procedure 58(b). This appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

"The decision whether to grant a party's Rule 60(b) motion is committed to the 'sound discretion' of the district court, and appellate review is confined to determining whether the district court abused that discretion." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (quoting *In re Emergency Beacon Corp.*, 666 F.2d 754, 760 (2d Cir. 1981)). "A district court abuses its discretion if it bases 'its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.'" *Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 127 (2d Cir. 2010) (quoting *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir.

4

1998)). And we "review for clear error any factual findings that underlie the court's resolution of [the] motion." *New York v. Green*, 420 F.3d 99, 105 (2d Cir. 2005).

"In no circumstances . . . may a party use a Rule 60(b) motion as a substitute for an appeal it failed to take in a timely fashion." *Stevens*, 676 F.3d at 67; *see also United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009) ("a Rule 60 motion may not be used as a substitute for appeal" (internal citation and quotation marks omitted)). Although motions under Rule 60(b) subsections (1), (2), and (3) are subject to a one-year deadline after entry of judgment, any "motion under Rule 60(b) must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). This Court has previously concluded that a delay of 26 months based upon "bare assertions" that conditions of confinement prevented earlier filing was "patently unreasonable," *Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001) (per curiam), and affirmed denials of other Rule 60(b) motions filed with even shorter delays, *see, e.g.*, *Truskoski v. ESPN, Inc.*, 60 F.3d 74, 76–77 (2d Cir. 1995) (18 months).

Appellants have failed to satisfy any of the requirements for a Rule 60(b) motion. Their Rule 60(b) motions, filed in late 2020 and early 2021, mark the first time they attacked the 2014 Judgment after its entry. They could have raised their subject matter jurisdiction and service of process arguments on an appeal to this Court in 2014, but they chose not to do so. They thus cannot now use Rule 60(b) to make these same arguments which should have been raised through a timely appeal. *Stevens*, 676 F.3d at 67. Appellants have never offered a cogent explanation of why they waited approximately six years to bring these Rule 60(b) motions, even after the district court ruled that their arguments were made too late.

Moreover, the district court was correct that all of Appellants' arguments on the merits were baseless. "It is well settled that the defense of lack of personal jurisdiction can be waived."

5

1  *"R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 123 (2d Cir. 2008). The same is true of service

2  of process as a defense, as Federal Rule of Civil Procedure "12(h)(1) advises a litigant to exercise

3  great diligence in challenging personal jurisdiction . . . or service of process. If [a litigant] wishes

4  to raise either of these defenses he must do so at the time he makes his first significant defensive

5  move." *Transaero*, 162 F.3d at 730 (citation, quotation marks, and alteration marks omitted).

6  Here, the district court found that Carpenter had explicitly waived the personal jurisdiction defense

7  on the record and that Appellants both forfeited the defense because they litigated this action on

8  the merits for years before making the argument. Appellants present no grounds to allow us to

9  set aside as clearly erroneous the district court's account of the proceedings before it. *See Green*,

10  420 F.3d at 105. Similarly, the district court found that Carpenter and Grist Mill agreed to waive

11  formal service of process when they accepted service via e-mail. It reached this holding based

12  on "a certification verifying" that Appellants "agreed to accept, and accepted, service by e-mail."

13  *Universitas Educ., LLC v. Nova Grp., Inc.*, Nos. 11CV1590–LTS–HBP, 11CV8726-LTS-HBP,

14  2014 WL 3883371, at *7 (S.D.N.Y. Aug. 7, 2014). Up until now, Appellants never "contest[ed]

15  the veracity of this certification," *id.*, and in their brief on appeal they only assert, without pointing

16  to any evidentiary support, that they did not waive service of process.[2] This cannot carry their

17  burden of demonstrating clear error. *Green*, 420 F.3d at 105.

18  Appellants' challenge to the district court's subject matter jurisdiction is made solely by

19  including a block quote in their brief from *Peacock v. Thomas*, 516 U.S. 349 (1996), with the

20  accompanying language that "[t]his quote from *Peacock* is also dispositive of this case."

---

[2] As to Appellants' argument that service of process must have been carried out according to New York State law, this Court unambiguously rejected such a rule in *CSX Transportation, Inc. v. Island Rail Terminal, Inc.*, 879 F.3d 462, 468–70 (2d Cir. 2018), and we cited approvingly to the specific opinion that Appellants now challenge as void, *see id.* at 468 n.7 (citing *Universitas Educ.*, 2014 WL 3883371, at *8).

6

Appellants' Br. 35. This is frivolous under our precedent, as we long ago held that *Peacock* does not negate a district court's ancillary jurisdiction over "an action to collect a judgment . . . . even if the parties are non-diverse." *Epperson*, 242 F.3d at 104. Finally, Appellants' position that the 2014 Judgment is void for lack of a signature is baseless.[3] Contrary to their position, Rule 58(b)(2) only requires that a district judge "approve the form of the judgment." The district judge did exactly that here.

\* \* \*

We have considered Appellants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court. Appellants shall bear the costs of appeal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] In light of the numerous challenges that we find to be either frivolous or baseless, counsel for Appellants are reminded that as officers of the court, they are to be mindful stewards of judicial resources and taxpayer dollars. As such, they are duty-bound to avoid pursuing frivolous appeals and presenting clearly meritless arguments to this Court. Conduct inconsistent with these obligations may result in the imposition of discipline.