# 21-2690(L),
## 21-2691(CON)

## United States Court of Appeals for the Second Circuit

———————————————

UNIVERSITAS EDUCATION, LLC,

*Petitioner-Appellee,*

– v. –

GRIST MILL CAPITAL, LLC,

*Respondent-Appellant,*

NOVA GROUP, INC, as Trustee, Sponsor and Named Fiduciary of The Charter Oak Trust Welfare Benefit Plan, GRIST MILL TRUST WELFARE BENEFIT PLAN, AVON CAPITAL LLC, CHARTER OAK TRUST WELFARE BENEFIT PLAN, PHOENIX CAPITAL MANAGEMENT, LLC, HANOVER TRUST COMPANY, CARPENTER FINANCIAL GROUP, INC.,

*Respondents,*

———————————————

*(For Continuation of Caption See Inside Cover)*

———————————————

On Appeal from the United States District Court for the Southern District of New York

**PETITION FOR REHEARING EN BANC OF GRIST MILL CAPITAL, LLC**

JEFFREY R. SANDBERG
PALMER LEHMAN SANDBERG, PLLC
8350 North Central Expressway, Suite 1111
Dallas, Texas 75206
(214) 242-6454

*Attorneys for Respondent-Appellant Grist Mill Capital, LLC and Movant-Appellant Daniel E. Carpenter*

DANIEL E. CARPENTER,

*Movant-Appellant.*

## CORPORATE DISCLOSURE STATEMENT
## PURSUANT TO RULE 26.1 OF THE
## FEDERAL RULES OF APPELLATE PROCEDURE

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, Grist Mill Capital, LLC, Movant/Appellant in this action, states that it does not have a corporate parent, and there is no publicly held corporation that owns 10 percent or more of its membership interests.

Come now Appellant Grist Mill Capital, LLC ("GMC" or "Appellant") and file this Petition for Rehearing *En Banc* regarding the February 23, 2022 Summary Order and Judgment (the "Order") issued in this appeal.

## **Table of Contents**

I.    Rule 35 Statement.............................................................................1

  A.  The Opinion Conflicts with Decisions of the Supreme Court and This Court. ......................................................1

      1.  There Is No Timeliness Requirement for a Rule 60(b)(4) Motion Seeking to Vacate a Void Judgment. .........................2

  B.  The Order Conflicts with Decisions by Other Courts of Appeals. ......................................................................3

      2.  GMC Did Not Waive its Personal Jurisdiction Defense. .......4

II.    Standard of Review. ......................................................................7

III.  There Is No Timeliness Requirement for a Rule 60(b)(4) Motion Seeking to Vacate a Void Judgment...................................7

  A.  There Is No Timeliness Requirement.............................................7

  B.  The Order Erroneously Holds the Rule 60(b)(4) Motion Was Not Filed Timely Because the Opinions the Order Relies Upon Are Not Rule 60(b)(4) Opinions.........................................................8

IV.  Grist Mill Capital Asserted That the District Court Lacked Personal Jurisdiction in Its First Filing.........................................9

  A.  Applicable Law – Personal Jurisdiction. ........................................9

  B.  GMC Argued That Appellee Failed to Establish
      Personal Jurisdiction Over GMC.................................................. 12

Conclusion ............................................................................. 14

Certificate of Compliance ....................................................... 15

Certificate of Service, Digital Submission and Privacy Redactions ....... 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*"R" Best Produce, Inc. v. DiSapio*,
  540 F.3d 115 (2d Cir. 2008) ................................................................ 2, 3

*Baldwin v. Iowa State Traveling Men's Ass'n*,
  283 U.S. 522 (1931) .............................................................................. 3

*Bell Helicopter Textron, Inc. v. Islamic Republic of Iran*,
  734 F.3d 1175 (D.C. Cir. 2013) ............................................................ 3

*Beller & Keller v. Tyler*,
  120 F.3d 21 (2d Cir. 1997) ................................................................... 2

*Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*,
  137 S. Ct. 1773, 198 L. Ed. 2d 395 (2017) .................................... 11, 12

*Brown v. Lockheed Martin Corp.*,
  814 F.3d 619 (2d Cir. 2016) ............................................................... 12

*Buck v. Davis*,
  580 U.S. 100, 137 S. Ct. 759, 197 L. Ed. 2d 1 (2017) ........................... 4

*Central Vt. Pub. Serv. Corp. v. Herbert*,
  341 F.3d 186 (2d Cir. 2003) ................................................................. 7

*Chufen Chen v. Dunkin' Brands, Inc.*,
  954 F.3d 492 (2d Cir. 2020) ................................................................. 6

*Gater Assets Ltd. v. Moldovagaz*,
  2 F.4th 42 (2d Cir. 2021) ................................................................. 2, 3

*Gonzalez v. Crosby*,
  545 U.S. 524, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005) ..................... 4

*Grace v. Bank Leumi Tr. Co. of N.Y.*,
  443 F.3d 180 (2d Cir. 2006) ............................................................. 2, 8

*Gucci Am., Inc. v. Bank of China*,
  768 F.3d 122 (2d Cir. 2014) ........................................................... 6, 10

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
  466 U.S. 408 (1984) ........................................................................... 10

*Insurance Corp. of Ireland, Ltd.*
    *v. Compagnie des Bauxites de Guinee,*
    456 U.S. 694 (1982) ............................................................................... 3, 8

*Int'l Shoe Co. v. Washington,*
    326 U.S. 310 (1945) ............................................................................. 9, 10

*Irvin v. Harris,*
    944 F.3d 63 (2d Cir. 2019) ............................................................... 2, 7, 9

*Jackson v. FIE Corp.,*
    302 F.3d 515 (5th Cir. 2002) .................................................................... 7

*Kemp v. United States,*
    142 S. Ct. 1856 (2022) .............................................................................. 4

*Kulko v. Superior Court of Cal., City and County of San Francisco,*
    436 U.S. 84 (1978) ................................................................................... 11

*Meadows v. Dominican Republic,*
    817 F.2d 517 (9th Cir. 1987) .................................................................... 8

*Misco Leasing, Inc. v. Vaughn,*
    450 F.2d 257 (10th Cir. 1971) .................................................................. 8

*Polites v. United States,*
    364 U.S. 426, 81 S. Ct. 202, 5 L. Ed. 2d 173 (1960) ............................... 4

*Rodd v. Region Constr. Co.,*
    783 F.2d 89 (7th Cir. 1986) ...................................................................... 8

*Schwab Short-Term Bond Mkt. Fund v. Lloyds Banking Grp. PLC,*
    22 F.4th 103 (2d Cir. 2021) ...................................................................... 9

*Siasia v. Fédération Internationale de Football Ass'n,*
    No. 22-72, 2022 U.S. App. LEXIS 36512 (2d Cir. 2022) ............... 11, 12

*State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada,*
    374 F.3d 158 (2d Cir. 2004) ..................................................................... 2

*United States v. One Toshiba Color Television,*
    213 F.3d 147 (3d Cir. 2000) ..................................................................... 7

*V.T.A., Inc. v. Airco, Inc.,*
    597 F.2d 220 (10th Cir. 1979) .................................................................. 3

iv

*Walden v. Fiore,*
  571 U.S. 277 (2014) .................................................................. 10

*Waldman v. Palestine Liberation Org.,*
  835 F.3d 317 (2d Cir. 2016) ...................................................... 9

*World–Wide Volkswagen Corp. v. Woodson,*
  444 U.S. 286 (1980) .................................................................. 10

## Statutes & Other Authorities:

FED. R. APP. P. 35 ........................................................................ 1

FED. R. CIV. P. 60(b) ............................................................ 4, 7, 8

FED. R. CIV. P. 60(b)(1) .......................................................... 4, 8

FED. R. CIV. P. 60(b)(4) ..................................................... *passim*

FED. R. CIV. P. 60(b)(6) .......................................................... 4, 8

FED. R. CIV. P. 60(c) ................................................................... 4

# I. Rule 35 Statement

## A.    The Opinion Conflicts with Decisions of the Supreme Court and This Court.

First, *en banc* consideration is necessary to secure or maintain uniformity of the Court's decisions because the Panel's decision conflicts with decisions of the Supreme Court and this Court and consideration by the full Court is therefore necessary to secure and maintain uniformity of this Court's decisions. Fed. R. App. P. 35.

Fundamentally, the substantive issue is this: Is a third-party non-judgment debtor business entity (GMC) automatically subject to being sued in the foreign state (S.D.N.Y.) that entered a judgment when the judgment creditor's (Appellee) claim is that a judgment debtor transferred an asset/funds to the third-party (GMC)?  Stated somewhat differently, does a District Court automatically have personal jurisdiction over a non-resident transferee? In this case, because Appellee's sole accusation is that GMC received funds, there is no personal jurisdiction over GMC.

1

## 1.    There Is No Timeliness Requirement for a Rule 60(b)(4) Motion Seeking to Vacate a Void Judgment.

The Order recognizes that GMC is challenging the District Court's personal jurisdiction and that service of process was improper, but holds that GMC failed to seek relief "in a timely fashion." (Order pp. 3, 4) As recently as 2021, this Court wrote "'[a] motion to vacate a default judgment as void' under Rule 60(b)(4), however, usually 'may be made at any time.'" *Gater Assets Ltd. v. Moldovagaz*, 2 F.4th 42, 53 (2d Cir. 2021) (quoting *Grace v. Bank Leumi Tr. Co. of N.Y.*, 443 F.3d 180, 190 (2d Cir. 2006).

> "In fact, it has been oft-stated that, for all intents and purposes, a motion to vacate a default judgment as void 'may be made at any time.'" *State St. Bank [& Trust Co. v. Inversiones Errazuriz Limitada]*, 374 F.3d [158], 179 [(2d Cir. 2004)] (quoting *Beller & Keller v. Tyler*, 120 F.3d 21, 24 (2d Cir. 1997)).

*Grace*, 443 F.3d at 190; *Irvin v. Harris*, 944 F.3d 63, 67 n. 3 (2nd Cir. 2019); *see "R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 123–24 (2d Cir. 2008) (quoting Second Circuit precedent from 2003, 1998, 1997 and 1963, holding the Rule 60(b)(4) motion was not untimely). "'A defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds.'" *Disapio*, at

2

123 (quoting *Insurance Corp. of Ireland, [Ltd. v. Compagnie des Bauxites de Guinee]*, 456 U.S. 694[, 706 (1982)]; *Baldwin v. Iowa State Traveling Men's Ass'n*, 283 U.S. 522, 525 (1931)).

By holding that the Rule 60(b)(4) motion asserting the judgment was void was not made within a reasonable time, the Order conflicts with both the United States Supreme Court's and this Court's clear precedent. *See Insurance Corp. of Ireland, Ltd.*, 456 U.S. at 706; *Gater Assets Ltd.*, 2 F.4th at 53.

**B.     The Order Conflicts with Decisions by Other Courts of Appeals.**

Other circuits hold that there is no reasonableness requirement for Rule 60(b)(4) motions, a partial list includes: *Bell Helicopter Textron, Inc. v. Islamic Republic of Iran*, 734 F.3d 1175, 1179 (D.C. Cir. 2013); *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 n.9 (10th Cir. 1979) (void judgment is a nullity, therefore motion is filed within a reasonable time). Thus, the proceeding involves a question of exceptional importance for an additional reason: the Orders conflicts with decisions of other United States Courts of Appeals that have addressed whether there is a timeliness requirement when a Rule 60(b)(4) motion seeks to vacate a void default judgment.

3

Finally, the United States Supreme Court recently declined to further define the "reasonable time" standard found in Rule 60(c). *Kemp v. United States,* 142 S.Ct. 1856, 1864 (2022). While the majority opinion in *Kemp* is largely focused on Rule 60(b)(1) and discusses Rule 60(b)(4) while examining all six subsections of Rule 60(b), interestingly, Judge Sotomayor concurred and emphasized that the *Kemp* opinion was not intended to narrow Rule 60(b)(6):

> First, I join the Court's opinion with the understanding that nothing in it casts doubt on the availability of Rule 60(b)(6) to reopen a judgment in extraordinary circumstances, including a change in controlling law. *See, e.g., Buck v. Davis*, 580 U. S. 100, 126, 128, 137 S. Ct. 759, 197 L. Ed. 2d 1 (2017) (concluding that the petitioner was "entitle[d] to relief under Rule 60(b)(6)" because of a change in law and intervening developments of fact); *Gonzalez v. Crosby*, 545 U. S. 524, 531, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005) ("[A] motion might contend that a subsequent change in substantive law is a 'reason justifying relief,' FED. RULE CIV. PROC. 60(b)(6), from the previous denial of a claim"); *Polites v. United States*, 364 U. S. 426, 433, 81 S. Ct. 202, 5 L. Ed. 2d 173 (1960) (leaving open that a "clear and authoritative change" in the law governing judgment in a case may present extraordinary circumstances).

*Kemp*, 142 S.Ct. at 1865.

## 2. GMC Did Not Waive its Personal Jurisdiction Defense.

The Order states on page 6 that GMC waived its personal jurisdiction defense. GMC's first act following Appellee's filing the Second

Motion for Turnover Relief which seeks to add GMC as a party was to join in the opposition filed on November 20, 2013. (USA146)[1] The supporting memorandum in opposition was signed by GMCs counsel, Attorney Bernstein. (USA175) In summary, GMC is included in the listing of business entities that comprise the defined term "Respondents" so that the lack of personal jurisdiction was also argued by GMC as follows: "Universitas fails to establish, or even allege, that *Respondents* have any contacts with the State of New York, much less minimum contacts so as to justify haling it into court in New York." (USA-165) (emphasis added)

Judge Swain considered this issue a "closer question" (SPA-32) but unfortunately did not see that GMC was a "Respondent" that argued there were insufficient contacts in GMC's first significant defense move – the response brief. (SPA-33)

---

1 References to the appellate record shall be made as follows:

    Appendix –App. Vol.x, A-xx       Special Appendix – SPA-xx

    Dkt - District Court Docket

    Supplemental Appendix by Appellee Universitas – USA- xx

Fundamentally, the issue becomes this: Is a third-party non-judgment debtor business entity (GMC) automatically subject to being sued in the foreign state (S.D.N.Y.) that entered a judgment when the judgment creditor's (Appellee) claim is that a judgment debtor transferred an asset/funds to the third-party (GMC)? Stated somewhat differently, does a District Court automatically have personal jurisdiction over a non-resident transferee? In this case, because Appellee's sole accusation is that GMC received funds, there is no personal jurisdiction over GMC.

Analogously, if a bank with offices in New York is not subject to specific jurisdiction in New York, and if Dunkin Donuts is not subject to specific jurisdiction in New York despite running commercials directed to New York consumers, how is there possibly personal jurisdiction over GMC, which has no alleged contacts/activities in New York? *See Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 500 (2d Cir. 2020) (citing *Gucci Am., Inc. v. Bank of China*, 768 F.3d 122, 135 (2d Cir. 2014) (bank not subject to general personal jurisdiction where it has branch offices in the forum but is headquartered and incorporated elsewhere)).

## II.    Standard of Review.

Generally, a court of appeals reviews a district court's ruling on a Rule 60(b) motion for abuse of discretion, but when the court of appeals considers a motion brought pursuant to Rule 60(b)(4), a "deferential standard of review is not appropriate because if the underlying judgment is void, it is a per se abuse of discretion to deny a movant's motion to vacate the judgment . . .."*Irvin v. Harris*, 944 F.3d 63, 68 (2d Cir. 2019) (quoting *Central Vt. Pub. Serv. Corp. v. Herbert*, 341 F.3d 186, 189 (2d Cir. 2003)).

## III.    There Is No Timeliness Requirement for a Rule 60(b)(4) Motion Seeking to Vacate a Void Judgment.

## A.    There Is No Timeliness Requirement.

As shown by the authorities cited above, there is no timeliness requirement because the Rule 60(b)(4) Motion sought to vacate the void default judgment. (SPA17, SPA22) A number of 2nd Circuit opinions are cited above, but additional circuits hold that there is no timeliness requirement when a Rule 60(b)(4) motion seeks to vacate a void judgment. *Jackson v. FIE Corp.*, 302 F.3d 515, 523 (5th Cir. 2002) ("there is no time limit on Rule 60(b)(4) motions"); *United States v. One Toshiba Color Television*, 213 F.3d 147, 157 (3d Cir. 2000) ("nearly overwhelming

authority...for the proposition that there are no time limits with regards to a challenge to a void judgment because of its status as a nullity"); *Rodd v. Region Constr. Co.*, 783 F.2d 89, 91 (7th Cir. 1986) ("the reasonable time criterion of Rule 60(b) as it relates to void judgments, means no time limit, because a void judgment is no judgment at all."); *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987) ("There is no time limit on a Rule 60(b)(4) motion to set aside a judgment as void."); *Misco Leasing, Inc. v. Vaughn*, 450 F.2d 257, 260 (10th Cir. 1971) (explaining that motions under Rule 60(b)(4) need not be filed within any particular time if the judgment is a nullity for want of jurisdiction).

**B.    The Order Erroneously Holds the Rule 60(b)(4) Motion Was Not Filed Timely Because the Opinions the Order Relies Upon Are Not Rule 60(b)(4) Opinions.**

On pages 4 & 5, the Panel relies upon a series of Second Circuit opinions in support of its holding, but none are Rule 60(b)(4) opinions. Instead, the opinions cited are all concerning Rule 60(b) generally, or subsections (1) & (6). The applicable law that should be applied is regarding Rule 60(b)(4) motions seeking to vacate a void judgment – there is no timeliness requirement. *See Insurance Corp. of Ireland, Ltd.*, 456 U.S. at 706; *Grace*, 443 F.3d at 190.

Again, there is no discretion – if a judgment is void, the Court must vacate the void judgment. *See Irvin*, 944 F.3d at 68.

## IV. Grist Mill Capital Asserted That the District Court Lacked Personal Jurisdiction in Its First Filing.

## A. Applicable Law – Personal Jurisdiction.

Before a court may exercise personal jurisdiction over a defendant, three requirements must be met: (1) "the plaintiff's service of process upon the defendant must have been procedurally proper"; (2) "there must be a statutory basis for personal jurisdiction that renders such service of process effective"; and (3) "the exercise of personal jurisdiction must comport with constitutional due process principles." *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 327–28 (2d Cir. 2016). As the Supreme Court has long held, due process demands that each defendant over whom a court exercises jurisdiction have some "minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *see also Waldman*, 835 F.3d at 330–31; *Schwab Short-Term Bond Mkt. Fund v. Lloyds Banking Grp. PLC***,** 22 F.4th 103, 121 (2d Cir. 2021).

"The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014). "[T]he touchstone due process principle has been that, before a court may exercise jurisdiction over a person or an organization, such as a bank, that person or entity must have sufficient minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 134 (2d Cir. 2014) (*quoting Inter'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

As an initial matter, **the "minimum contacts" inquiry principally protects the liberty of the nonresident defendant, not the interests of the plaintiff**. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980) (emphasis added).

The Supreme Court has consistently rejected attempts to satisfy the defendant-focused "minimum contacts" inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984); s*ee Burger King* at 478 ("If the question is whether an individual's

10

contract with an out-of-state party alone can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot"); *Kulko v. Superior Court of Cal., City and County of San Francisco*, 436 U.S. 84, 93 (1978) (declining to "find personal jurisdiction in a State ... merely because [the plaintiff in a child support action] was residing there"). Due process requires that, for a defendant be haled into court, the "minimum contacts" must be based on his own affiliation with the State, not based on the "random, fortuitous, or attenuated" contacts he makes by interacting with other persons affiliated with the State. *Burger King* at 475.

"[F]or a court to exercise specific jurisdiction over a claim there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place **in the forum State**." *Siasia v. Fédération Internationale de Football Ass'n*, No. 22-72, 2022 U.S. App. LEXIS 36512 (2d Cir. 2022) (emphasis added) (citing B*ristol-Myers Squibb Co. v. Superior Ct. of Cal*., 137 S. Ct. 1773, 1781, 198 L. Ed. 2d 395 (2017) (internal quotation marks and citation omitted; alteration in original). "For specific jurisdiction, a defendant's general connections with the forum are not enough." *Sisia*, at \*4 (holding that the

claim that FIFA banned Sisia from using a coaching license issued in New York was insufficient to establish specific jurisdiction in New York) (quoting *Bristol-Myers Squibb*, 137 S. Ct. at 1781).

## B.  GMC Argued That Appellee Failed to Establish Personal Jurisdiction Over GMC.

"*Daimler* established that, except in a truly "exceptional" case, a corporate defendant may be treated as "essentially at home" only where it is incorporated or maintains its principal place of business. *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016) (cit. omitted). Because GMC is a Delaware entity and maintains its principal place of business in Connecticut, there is no general jurisdiction in New York. (Dkt 697, App Vol 2, A-390-91)

The assertion of a claim that GMC received funds is insufficient to establish general jurisdiction and specific jurisdiction – this is simply not "[an] activity or an occurrence that takes place **in the forum State**." *See Siasia* U.S. App. LEXIS 36512 at *4; *see also* B*ristol-Myers Squibb Co.*, 137 S. Ct. at 1781.

GMC's presence through counsel at the May 9, 2013 hearing (USA-22) occurred before the filing of the applicable Second Motion for Turnover Order on October 21, 2013. (Dkt. 308, App. Vol. 1, A-61) No

relief was sought against GMC in Appellee's prior request for turnover relief regarding certain insurance policy proceeds on real property owned by Moonstone Partners, LLC. (Dkt 219, App Vol 1, A-47, 48) GMC's attendance as a non-party before claims were asserted against GMC cannot constitute a waiver of personal service.

After the Second Motion for Turnover was filed by Appellee, GMC's first filing challenged personal jurisdiction. GMC joined in the argument that the District Court lacked personal jurisdiction over GMC in the joint Memorandum of Law opposing tu1nover relief. (USA-153) Notably, GMC is included in the listing of business entities that comprise the defined term "Respondents" and GMC's counsel signed the Memorandum of Law. (USA-153, 175) GMC is included in the arguments made opposing personal jurisdiction because GMC is one of the "Respondents." (USA-164)

Similarly, because GMC is one of the "Respondents" the lack of personal jurisdiction was also argued by GMC as follows: "Universitas fails to establish, or even allege, that *Respondents* have any contacts with the State of New York, much less minimum contacts so as to justify haling it into court in New York." (USA-165) (emphasis added)

Finally, the September 28, 2021 Order (SPA-22) references a May 9, 2013 trial and November 22, 2013 hearing, but, again, the May 9, 2013 trial is before the relevant proceedings on the Second Motion for Turnover Order, which was filed on October 21, 2013 (Dkt. 308, App. Vol. 1, A-61) and no turnover relief was sought against GMC in the earlier Show Cause Order. (Dkt 219, App A-47, 48)

## CONCLUSION

Appellant Grist Mill Capital, LLC respectfully requests that the Court grant this Petition, consider the appeal *en banc*, withdraw the Court's Order, reverse and vacate the District Court's judgment, and grant Appellant Grist Mill Capital, LLC such additional relief to which Appellant is entitled at law or equity.

/s/ Jeffrey R. Sandberg
Jeffrey R. Sandberg
PALMER LEHMAN SANDBERG, PLLC
8350 North Central Expressway,
Suite 1111
Dallas, Texas 75206
(214) 242-6454

# <u>CERTIFICATE OF COMPLIANCE</u>

This Motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d) and 10TH CIR. R. 8.1 because it contains 2,754 words, as determined by the word-count function of Microsoft Word 2016.

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Century Schoolbook font.

<div style="margin-left:40%">

<u>/s/ Jeffrey R. Sandberg</u>
Jeffrey R. Sandberg
PALMER LEHMAN SANDBERG, PLLC
8350 North Central Expressway,
Suite 1111
Dallas, Texas 75206
(214) 242-6454

</div>

## CERTIFICATE OF SERVICE,
## <u>DIGITAL SUBMISSION AND PRIVACY REDACTIONS</u>

This is to certify that on this 9th day of March 2023, a true and correct copy of the foregoing instrument was served via ECF, to counsel of record.

☑ The undersigned further certifies that the digital submissions have been scanned for viruses on the above date with Trend Micro Security Agent and, according to the program, are free of viruses.

<u>/s/ Jeffrey R. Sandberg</u>
Jeffrey R. Sandberg
PALMER LEHMAN SANDBERG, PLLC
8350 North Central Expressway,
Suite 1111
Dallas, Texas 75206
(214) 242-6454

16

# Summary Order

21-2690(L)
*Universitas Education, LLC v. Grist Mill Capital, LLC et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

1    At a stated term of the United States Court of Appeals for the Second Circuit, held at
2    the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York,
3    on the 23rd day of February, two thousand twenty-three.
4
5    Present:
6                DENNIS JACOBS,
7                EUNICE C. LEE,
8                MYRNA PÉREZ,
9                        *Circuit Judges.*
10   _____
11
12   UNIVERSITAS EDUCATION, LLC,
13
14                *Petitioner-Appellee,*
15
16           v.                                              21-2690(L), 21-2691(CON)
17
18
19   GRIST MILL CAPITAL, LLC,
20
21                *Respondent-Appellant,*
22
23   NOVA GROUP, INC, as Trustee, Sponsor and Named
24   Fiduciary of The Charter Oak Trust Welfare Benefit
25   Plan, GRIST MILL TRUST WELFARE BENEFIT PLAN,
26   AVON CAPITAL LLC, CHARTER OAK TRUST
27   WELFARE BENEFIT PLAN, PHOENIX CAPITAL
28   MANAGEMENT, LLC, HANOVER TRUST COMPANY,
29   CARPENTER FINANCIAL GROUP, INC.,
30
31                *Respondents,*
32

1   D<small>ANIEL</small> E. C<small>ARPENTER</small>,
2
3                        *Movant-Appellant.*
4   ————————————————————
5

| | |
|---|---|
| 6 FOR APPELLANTS: | J<small>EFFREY</small> R<small>OBERT</small> S<small>ANDBERG</small>, Palmer Lehman |
| 7 | Sandberg, PLLC, Dallas, TX. |
| 8 | |
| 9 | Jonathan J. Einhorn, Law Offices of Jonathan J. |
| 10 | Einhorn, New Haven, CT. |
| 11 | |
| 12 | |
| 13 | |
| 14 FOR PETITIONER-APPELLEE: | Joseph L. Manson III, Law Offices of Joseph L. Manson |
| 15 | III, Alexandria, VA. |
| 16 | |
| 17 | Patrick D. Bonner Jr., Menz Bonner Komar & |
| 18 | Koenigsberg LLP, White Plains, NY. |
| 19 | |

20      Appeal from a judgment of the United States District Court for the Southern District of

21  New York (Swain, *J.*).

22      **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**

23  **DECREED** that the judgment of the district court is **AFFIRMED**.

24      Respondent-Appellant Grist Mill Capital, LLC, and Movant-Appellant Daniel E. Carpenter

25  (collectively, "Appellants") appeal from the district court's denial of their Federal Rules of Civil

26  Procedure 60(b)(4) and (b)(6) motions to vacate a judgment the district court had entered

27  approximately six years prior.   The judgment in question, entered on August 12, 2014, is a money

28  judgment in favor of Petitioner-Appellant Universitas Education, LLC, and against Grist Mill,

29  Carpenter, and various other entities not party to this appeal based on life insurance proceeds owed

30  to Universitas Education (the "2014 Judgment").   The 2014 Judgment was entered after

31  Universitas Education engaged in roughly two years of proceedings to recover on a previous

32  money judgment the district court had entered in its favor on June 7, 2012.

1       Leading up to the 2014 Judgment, the district court made certain findings of fact and

2  conclusions of law.   Among other things, it found that Carpenter was the ultimate controller of

3  "Grist Mill" and "'hundreds' of other companies," many of which are also subject to the 2014

4  Judgment, and that he had used Grist Mill and the other companies to "fraudulently convey[]"

5  funds rightfully belonging to Universitas Education to prevent it from recovering on the June 7,

6  2012 judgment.   Special App'x 25.   Although certain entities not party to this appeal objected to

7  the district court's personal jurisdiction over them, neither Carpenter nor Grist Mill meaningfully

8  advanced personal jurisdiction arguments until now, despite both filing notices of appearance and

9  participating in extensive proceedings before the district court, including a bench trial and an

10  evidentiary hearing.   The district court also concluded that "it had subject matter jurisdiction" to

11  enter the 2014 Judgment as a means of enforcing its prior judgment.   Special App'x 27–28 (citing

12  *Peacock v. Thomas*, 516 U.S. 349, 357 (1996), and *Epperson v. Ent. Express, Inc.*, 242 F.3d 100

13  (2d Cir. 2001)).

14       Appellants never appealed the 2014 Judgment.[1]   Certain other parties, though not

15  Carpenter or Grist Mill, filed a motion to reconsider the entry of the 2014 Judgment, but that

16  motion was denied.

---

[1]  In June of 2014, Carpenter reported to federal prison for a three-year sentence for mail fraud and wire fraud, *see generally United States v. Carpenter*, No. CRIM. 04-10029-GAO (D. Mass.), though this did not stop him or Grist Mill from engaging in other, extensive federal court litigation.   *See, e.g.*, *Carpenter v. Allen*, No. 3:14-cv-741(SRU) (D. Conn. 2014); *United States v. Carpenter*, 941 F.3d 1 (1st Cir. 2019); *Carpenter v. Shulman*, 790 F. App'x 285, 287 (2d Cir. 2019) (affirming district court's dismissal of Carpenter and Grist Mill's complaint asserting *Bivens* claims against various IRS officers and agents regarding the "execution of a search warrant by the IRS Criminal Investigation Division").

While in prison, Carpenter was convicted in a separate criminal case of various money laundering charges, including by using Grist Mill to hide the funds at issue in the 2014 Judgment.   *See United States v. Carpenter*, 190 F.Supp.3d 260, 274 (D. Conn. 2016) ("The evidence also shows that corporate entities were created and discarded at Mr. Carpenter's direction when it suited his purposes."), *aff'd sub nom. United States v. Bursey*, 801 F. App'x 1 (2d Cir. 2020).

3

1    On November 13, 2020, Carpenter filed a motion to vacate the 2014 Judgment pursuant to

2  Federal Rules of Civil Procedure 60(b)(4) and (b)(6), and Grist Mill filed a like motion under the

3  same Rules on February 19, 2021.   The district court denied both motions.   The district court

4  found that Carpenter waived personal jurisdiction and that Appellants both forfeited any personal

5  jurisdiction defense because they participated in proceedings for years without having ever raised

6  personal jurisdiction as a defense.   It rejected Appellants' arguments that service of process had

7  been improper, reiterating its earlier-made finding of fact that Appellants, like many other parties

8  in the proceedings, had agreed to accept service by email.   It also found that Carpenter's argument

9  that it lacked subject matter jurisdiction to enter the 2014 Judgment was simply a rehash of

10  arguments he had made previously, which it had already rejected, and thus were not proper on a

11  motion under Rule 60(b).   Finally, the district court rejected Carpenter's argument that the 2014

12  Judgment was void because it was signed by the Clerk of Court, which Carpenter argued was

13  improper under Federal Rule of Civil Procedure 58(b).   This appeal followed.   We assume the

14  parties' familiarity with the underlying facts, the procedural history of the case, and the issues on

15  appeal.

16                                       *      *      *

17    "The decision whether to grant a party's Rule 60(b) motion is committed to the 'sound

18  discretion' of the district court, and appellate review is confined to determining whether the district

19  court abused that discretion." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (quoting *In re*

20  *Emergency Beacon Corp.*, 666 F.2d 754, 760 (2d Cir. 1981)).   "A district court abuses its

21  discretion if it bases 'its ruling on an erroneous view of the law or on a clearly erroneous

22  assessment of the evidence.'" *Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 127

23  (2d Cir. 2010) (quoting *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir.

1   1998)).   And we "review for clear error any factual findings that underlie the court's resolution

2   of [the] motion."   *New York v. Green*, 420 F.3d 99, 105 (2d Cir. 2005).

3          "In no circumstances . . . may a party use a Rule 60(b) motion as a substitute for an appeal

4   it failed to take in a timely fashion."   *Stevens*, 676 F.3d at 67; *see also United Airlines, Inc. v.*

5   *Brien*, 588 F.3d 158, 176 (2d Cir. 2009) ("a Rule 60 motion may not be used as a substitute for

6   appeal" (internal citation and quotation marks omitted)).   Although motions under Rule 60(b)

7   subsections (1), (2), and (3) are subject to a one-year deadline after entry of judgment, any "motion

8   under Rule 60(b) must be made within a reasonable time."   Fed. R. Civ. P. 60(c)(1).   This Court

9   has previously concluded that a delay of 26 months based upon "bare assertions" that conditions

10  of confinement prevented earlier filing was "patently unreasonable," *Kellogg v. Strack*, 269 F.3d

11  100, 104 (2d Cir. 2001) (per curiam), and affirmed denials of other Rule 60(b) motions filed with

12  even shorter delays, *see, e.g.*, *Truskoski v. ESPN, Inc.*, 60 F.3d 74, 76–77 (2d Cir. 1995) (18

13  months).

14         Appellants have failed to satisfy any of the requirements for a Rule 60(b) motion.   Their

15  Rule 60(b) motions, filed in late 2020 and early 2021, mark the first time they attacked the 2014

16  Judgment after its entry.   They could have raised their subject matter jurisdiction and service of

17  process arguments on an appeal to this Court in 2014, but they chose not to do so.   They thus

18  cannot now use Rule 60(b) to make these same arguments which should have been raised through

19  a timely appeal.   *Stevens*, 676 F.3d at 67.   Appellants have never offered a cogent explanation

20  of why they waited approximately six years to bring these Rule 60(b) motions, even after the

21  district court ruled that their arguments were made too late.

22         Moreover, the district court was correct that all of Appellants' arguments on the merits

23  were baseless.   "It is well settled that the defense of lack of personal jurisdiction can be waived."

1    *"R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 123 (2d Cir. 2008).   The same is true of service

2    of process as a defense, as Federal Rule of Civil Procedure "12(h)(1) advises a litigant to exercise

3    great diligence in challenging personal jurisdiction . . . or service of process.   If [a litigant] wishes

4    to raise either of these defenses he must do so at the time he makes his first significant defensive

5    move."   *Transaero*, 162 F.3d at 730 (citation, quotation marks, and alteration marks omitted).

6    Here, the district court found that Carpenter had explicitly waived the personal jurisdiction defense

7    on the record and that Appellants both forfeited the defense because they litigated this action on

8    the merits for years before making the argument.   Appellants present no grounds to allow us to

9    set aside as clearly erroneous the district court's account of the proceedings before it.   *See Green*,

10   420 F.3d at 105.   Similarly, the district court found that Carpenter and Grist Mill agreed to waive

11   formal service of process when they accepted service via e-mail.   It reached this holding based

12   on "a certification verifying" that Appellants "agreed to accept, and accepted, service by e-mail."

13   *Universitas Educ., LLC v. Nova Grp., Inc.*, Nos. 11CV1590–LTS–HBP, 11CV8726-LTS-HBP,

14   2014 WL 3883371, at *7 (S.D.N.Y. Aug. 7, 2014).   Up until now, Appellants never "contest[ed]

15   the veracity of this certification," *id.*, and in their brief on appeal they only assert, without pointing

16   to any evidentiary support, that they did not waive service of process.[2]   This cannot carry their

17   burden of demonstrating clear error.   *Green*, 420 F.3d at 105.

18        Appellants' challenge to the district court's subject matter jurisdiction is made solely by

19   including a block quote in their brief from *Peacock v. Thomas*, 516 U.S. 349 (1996), with the

20   accompanying language that "[t]his quote from *Peacock* is also dispositive of this case."

---

[2]  As to Appellants' argument that service of process must have been carried out according to New York State law, this Court unambiguously rejected such a rule in *CSX Transportation, Inc. v. Island Rail Terminal, Inc.*, 879 F.3d 462, 468–70 (2d Cir. 2018), and we cited approvingly to the specific opinion that Appellants now challenge as void, *see id.* at 468 n.7 (citing *Universitas Educ.*, 2014 WL 3883371, at *8).

1    Appellants' Br. 35.    This is frivolous under our precedent, as we long ago held that *Peacock* does

2    not negate a district court's ancillary jurisdiction over "an action to collect a judgment . . . . even

3    if the parties are non-diverse."    *Epperson*, 242 F.3d at 104.    Finally, Appellants' position that

4    the 2014 Judgment is void for lack of a signature is baseless.[3]    Contrary to their position, Rule

5    58(b)(2) only requires that a district judge "approve the form of the judgment."    The district judge

6    did exactly that here.

7                                        *       *       *

8            We have considered Appellants' remaining arguments and find them to be without merit.

9    Accordingly, we **AFFIRM** the judgment of the district court.    Appellants shall bear the costs of

10   appeal.

11                                         FOR THE COURT:
12                                         Catherine O'Hagan Wolfe, Clerk of Court

---

[3]  In light of the numerous challenges that we find to be either frivolous or baseless, counsel for Appellants are reminded that as officers of the court, they are to be mindful stewards of judicial resources and taxpayer dollars.    As such, they are duty-bound to avoid pursuing frivolous appeals and presenting clearly meritless arguments to this Court.    Conduct inconsistent with these obligations may result in the imposition of discipline.